IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03046-RM-NYW

BRET BURCH, and
BECKY BURCH,

    Plaintiffs,

v.

AMICA MUTUAL INSURANCE COMPANY,

    Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

    This action is before the court on Defendant Amica Mutual Insurance Company's ("Amica" or "Defendant") Rule 12(f) Motion to Strike ("Motion to Strike" or "Motion"), [Doc. 34, filed January 31, 2022]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated January 3, 2022, [Doc. 21], and the Memorandum dated January 31, 2022, [Doc. 36]. Upon review of the Motion, the applicable case law, and the entire docket, I respectfully **RECOMMEND** the Motion to Strike be **GRANTED**.

### BACKGROUND

    This action was initiated on October 1, 2021, when Plaintiffs Bret Burch and Becky Burch ("Plaintiffs") filed a Complaint at Law and in Equity ("Complaint"), in the District Court, County of Larimer, State of Colorado. [Doc. 3]. On November 12, 2021, Amica removed the case to this court, based on diversity jurisdiction. *See* [Doc. 1]. On November 19, 2021, Amica filed Defendant's Rule 12(b)(6) and Rule 12(f) Motion to Dismiss and Strike ("Motion to Dismiss"), [Doc. 9], wherein it requested that the court dismiss Plaintiffs' Complaint and strike Plaintiffs'

request for punitive damages therein, [*id.* at 1–2]. On December 16, 2021, Plaintiffs filed a Motion to Remand/Objection to Notice of Removal ("Motion to Remand"), [Doc. 15], which the court subsequently denied, *see* [Doc. 31].

On January 18, 2022, Plaintiffs filed their First Amended Complaint, [Doc. 30], which remains the operative pleading in this action. The following week, the court struck the Motion to Dismiss as moot, in light of the filing of the First Amended Complaint. *See* [Doc. 32]. In the First Amended Complaint, Plaintiffs allege that Amica failed to fulfill its obligations under the insurance policy agreement it entered with Plaintiffs after Plaintiffs' property sustained substantial damage. [*Id.* at ¶¶ 8–10]. Plaintiffs assert two claims against Amica: (1) breach of contract ("First Claim"); and (2) bad faith breach of insurance contract ("Second Claim").[1]  [*Id.* at ¶¶ 28–37]. Plaintiffs seek "compensatory and punitive damages" under each claim. *See* [*id.* at ¶¶ 32, 37].

Then, on January 31, 2022, Defendant filed the instant Motion to Strike. [Doc. 34]. In the Motion, Defendant seeks to strike from the First Amended Complaint (1) Plaintiffs' allegations relating to a third-party bad faith insurance claim and (2) their requests for punitive damages, on the basis that such allegations are improper. [*Id.* at 1]. Specifically, with respect to Plaintiffs' bad faith claim, Defendants argue that Paragraphs 35 and 36 of the First Amended Complaint "purport to assert a third-party bad faith claim", but "Plaintiffs have not been sued by a third party, nor do they allege facts that could conceivably give rise to a third-party bad faith claim." [Doc. 34 at 4–5]. Thus, while "Plaintiffs have standing to assert a first-party claim," Defendants continue,

---

[1] The First Amended Complaint states that Plaintiff's Second Claim is against "Defendant Lilak", [Doc. 30 at 5]. However, there is no defendant in this action by the name of "Lilak," and the court therefore assumes this is a typographical error. *See* [Doc. 34 at 2 n.1 (Defendant's acknowledgment that "Lilak is not a defendant named in the caption and has an unclear connection to this litigation, so Amica assumes for purposes of this Motion that the bad faith claim is intended to be brought against Amica")].

2

Plaintiffs cannot assert a third-party bad faith claim "under any theoretical set of facts in the instant matter." [*Id.* at 5].

As to Plaintiffs' requests for punitive damages, Defendant argues that, as a matter of law, (1) Plaintiffs may not seek punitive damages under their breach of contract claim; and (2) Plaintiffs' request for punitive damages under their bad faith breach of contract claim is premature, "as the parties have not exchanged initial disclosures and Plaintiffs have not established prima facie proof of a triable issue." [*Id.* at 5–6].

On February 1, 2022, the court held a Status Conference, where the undersigned ordered Plaintiffs to file their response to the Motion to Strike "no later than March 11, 2022." [Doc. 38]. On February 18, 2022, Plaintiffs filed a Letter, [Doc. 41], which stated as follows:

> Our response to third party Bad Faith Claim. We agree to close that part of filing, but request that [w]e're able at a later date to reopen on the bases of Bad Faith to assert for Cost of Punitive damages for Bad Faith Claim from Amica.

[*Id.*].[2] Defendant did not file a reply. Because the Motion to Strike is ripe for disposition, I consider the Parties' arguments below.

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F.

---

[2] The court construes Plaintiffs' Letter as their response to the Motion to Strike. However, to the extent Plaintiffs did not intend for the Letter to serve as their response to the Motion to Strike, then Plaintiffs have not responded to the Motion to Strike in the time permitted by the court. *See* [Doc. 38]. In addition, on February 23, 2022, the court separately ordered Plaintiffs to respond to the Motion to Strike by March 23, 2022, *see* [Doc. 52], despite ordering Plaintiffs to respond by March 11, 2022, *see* [Doc. 38]. In any event, the foregoing Order makes no difference because, apart from Plaintiffs' Letter on February 18, 2022, [Doc. 41], Plaintiffs did not file another document that appeared to respond to the Motion to Strike thereafter.

Supp. 873, 875 (D. Colo. 1993).  However, motions to strike under Rule 12(f) are disfavored. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985) (citing 5 Wright & Miller, Federal Practice and Procedure § 1380, at 783 (1969)); *see also Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc*., 173 F.R.D. 275, 285 (D. Colo. 1997) (describing Rule 12(f) motions as a "generally-disfavored, drastic remedy").  Motions to strike are usually only granted when the allegations in the complaint have no bearing on the controversy and the movant can show that it has been prejudiced.  *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001).  Whether to strike a portion of a pleading is within the trial court's discretion.  *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1030–31 (D. Colo. 2014).

## ANALYSIS

In its Motion to Strike, Amica does not expressly address prejudice.  Rather, it seeks to strike as improper (1) Plaintiffs' allegations relating to a third-party bad faith insurance claim and (2) their requests for punitive damages, *see* [Doc. 34 at 1], on two respective bases.  First, Amica argues that Plaintiffs' allegations of third-party bad faith under their Second Claim are improper because "Plaintiffs have not been sued by a third party, nor do they allege facts that could conceivably give rise to a third-party bad faith claim." [*Id.* at 4–5].  Second, Amica argues that, as a matter of law, Plaintiffs may not seek punitive damages under their First Claim for breach of contract; and Plaintiffs' request for punitive damages under their Second Claim for bad faith breach of contract is premature, "as the parties have not exchanged initial disclosures and Plaintiffs have not established prima facie proof of a triable issue." [*Id.* at 5–6].  The court will address these arguments in turn.

**Bad Faith.**  Plaintiffs' Second Claim in the First Amended Complaint sets forth the standard for asserting a third-party bad faith claim in Colorado; and alleges, "Defendants['] blatant

4

unfulfilled promises evidenced in the instant matter constitutes unreasonableness in the defending and processing of claim in the instant matter sufficient enough to give rise to the instant bad faith claim with all facts disputed to be determined in a trial by jury." [Doc. 30 at ¶¶ 35–36].

Unlike commercial contracts, Colorado courts recognize a separate action sounding in tort for breaches of the implied duty of good faith and fair dealing of an insurance contract, *i.e.*, bad faith breach of an insurance contract. *See, e.g.*, *Hiatt v. Schreiber*, 599 F. Supp. 1142, 1145 (D. Colo. 1984) ("Colorado courts have followed the trend established in California recognizing a separate cause of action sounding in tort for bad faith breach of insurance contracts."). Such claims can arise in a first-party or third-party context. *See Farmers Grp., Inc. v. Williams*, 805 P.2d 419, 421 (Colo. 1991). "First-party bad faith cases involve an insurance company refusing to make or delaying payments owed directly to its insured under a first-party policy such as life, health, disability, property, fire, or no-fault auto insurance." *Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 414 (Colo. 2004) (explaining, "[t]he insurer's actions expose the insured to being personally liable for the monetary obligations underlying the insured's claims."). In contrast, "[t]hird-party bad faith arises when an insurance company acts unreasonably in investigating, defending, or settling a claim brought by a third person against its insured under a liability policy." *Id.*

Here, Plaintiffs' bad faith claim arises in the first-party context, as it is based on allegations "pertaining to the manner in which the processing [of Plaintiffs' claim] was carried out" by Amica. [Doc. 30 at ¶ 1]; *see also* [*id.* at ¶¶ 11–26]. Indeed, Plaintiffs allege they were insureds under a homeowner's policy issued by Amica, their home sustained physical damage, and Amica failed to provide adequate benefits. *See* [Doc. 30 at ¶¶ 1, 8–26]. Plaintiffs do not allege they have been sued by a third party, nor do they allege any facts related to a third-party insurer—apart from (1)

5

their general allegations in Paragraph 35, where Plaintiffs acknowledge that Colorado permits third-party breach of contract claims, [*id.* at ¶ 35]; and (2) portions of Paragraph 36, where Plaintiffs reference Amica's purported duty to defend their claim.  *See* [*id.* at ¶ 36 (alleging that Defendants' conduct "constitutes *unreasonableness in the defending* and processing of claim in the instant matter sufficient enough to give rise to the instant bad faith claim" (emphasis added))]. Notably, although Plaintiffs' Letter does not respond to the substance of Defendants' argument that Plaintiffs have not alleged any facts in support of their third-party bad faith claim, Plaintiffs appear to acknowledge that that claim lacks basis.  *See* [Doc. 41] (stating they "agree to close that part of the filing")].  Moreover, Plaintiffs do not express any intention to amend the operative pleading to assert their Second Claim against a third party.  *See* [*id.* (requesting that they be "able at a later date to reopen the bases of Bad Faith to assert for Cost of Punitive damages for Bad Faith Claim *from Amica*" (emphasis added))].

Accordingly, the court respectfully **RECOMMENDS** that the entirety of Paragraph 35 and the portion of Paragraph 36 concerning a duty to defend in the First Amended Complaint be **STRICKEN**.  The court also **RECOMMENDS** that Plaintiffs' Second Claim for bad faith breach of contract be **DISMISSED with prejudice** insofar as that claim is based on a theory of third-party bad faith.  *See Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (explaining that dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotations omitted)).  For purposes of clarity, the Second Claim should remain insofar as Plaintiffs are asserting a first-party bad faith claim against Amica, "as

Amica is not currently asking the Court to dismiss or strike the bad faith claim to the extent it can be construed as a first-party bad faith claim." [Doc. 34 at 5 n.2].

***Punitive Damages.***  In the First Amended Complaint, Plaintiffs seek punitive damages, among others, as relief for their First and Second Claims.  *See* [Doc. 30 at ¶¶ 32, 37].

In its Motion to Strike, Amica contends that "Colorado does not allow plaintiffs to recover punitive damages under breach of contract claims and this prohibition includes breach of insurance contract claims"; and (2) "Colorado also does not allow plaintiffs to include a request for punitive damages in their initial pleading, but instead requires plaintiffs to seek leave to amend after exchanging initial disclosures and establishing prima facie proof of a triable issue." [Doc. 34 at 5–6].  Therefore, Defendants insist that, as a matter of law, Plaintiffs may not seek punitive damages under their First Claim for breach of contract; and Plaintiffs' request for punitive damages under their Second Claim for bad faith breach of contract is premature, "as the parties have not exchanged initial disclosures and Plaintiffs have not established prima facie proof of a triable issue." [*Id.*].

Under Colorado law, "punitive damages are available only pursuant to statute and are not recoverable in ordinary breach of contract cases."  *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 682 (Colo. 1994) (citations omitted).  However, such damages "may be awarded on a claim of bad faith breach of an insurance contract, so long as the breach is accompanied by circumstances of 'fraud, malice, or willful and wanton conduct[.]'" *Id.* (quoting Colo. Rev. Stat. § 13-21-102(1)(a) (stating a litigant is entitled to an award of exemplary (i.e., punitive) damages if the "wrong done . . . is attended by circumstances of fraud, malice, or willful and wanton conduct")).  But an initial complaint cannot contain a request for exemplary damages. *See* Colo. Rev. Stat. § 13-21-102(1.5)(a).  Instead,

> [a] claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

*Id.*; *see also Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1073 (D. Colo. 2019).

Such proof "is established by a showing of a reasonable likelihood" that the exemplary damages issue "will ultimately be submitted to the jury for resolution," "through discovery, by evidentiary means, or by an offer of proof." *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) (quotation omitted). Courts dismiss premature requests for exemplary damages without prejudice. *Pearson v. Geico Cas. Co.*, No. 17-cv-02116-CMA-MEH, 2018 WL 2096348, at *11 (D. Colo. May 7, 2018), *report and recommendation adopted in part, modified on other grounds by* 2018 WL 4368667 (D. Colo. June 3, 2018); *Adams v. Corr. Corp. of Am.*, 187 P.3d 1190, 1197–98 (Colo. App. 2008).

As noted above, Colorado law does not permit plaintiffs to recover punitive damages under breach of contract claims. *See Ballow*, 878 P.2d at 682 (Colo. 1994); *see also State Farm Mut. Auto. Ins. Co. v. Brekke*, 105 P.3d 177, 188 (Colo. 2004) ("Unlike the breach of the implied duty of good faith and fair dealing in an ordinary contract, breach in an insurance contract gives rise to a separate cause of action in tort."). Therefore, the court **RECOMMENDS** that Plaintiff's requests for punitive damages under their First Claim for breach of contract be **STRICKEN**.

Moreover, with respect to Plaintiffs' request for punitive damages under their bad faith breach of insurance contract claim, Plaintiffs have not complied with the requirements under Colo. Rev. Stat. § 13-21-102(1.5)(a). Accordingly, the court **RECOMMENDS** that Plaintiff's requests for punitive damages under their Second Claim for bad faith breach of insurance contract be

8

**STRICKEN**. *See Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398-PAB-KLM, 2011 WL 2415167, at *6 (D. Colo. June 10, 2011) (striking the plaintiff's request for exemplary damages contained in the complaint for failure to comply with Colo. Rev. Stat. § 13-21-102(1.5)(a)); *Glaser v. Jordan*, No. 09-cv-01758-REB-MJW, 2010 WL 1268151, at *2 (D. Colo. March 30, 2010) (same).[3]

## CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS** that:

(1) Defendant's Rule 12(f) Motion to Strike [34] be **GRANTED**, as outlined herein;[4] and

---

[3] In their response Letter, Plaintiffs request that they be "able at a later date to reopen on the bases of Bad Faith to assert for Cost of Punitive damages for Bad Faith Claim from Amica." [Doc. 41]. In making this recommendation, the court in no way suggests Plaintiffs cannot seek to later amend the First Amended Complaint pursuant to Colo. Rev. Stat. § 13-21-102(1.5)(a) and expresses no opinion as to the merits of such a request.

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

(2) Plaintiff be directed to file an amended pleading that is consistent with the findings in this Recommendation.[5]

**IT IS FURTHER ORDERED** that:

(1) A copy of this Minute Order shall be sent to the following:

> Bret Burch
> 1726 Deep Woods Lane
> Fort Collins, CO 80524
>
> Becky Burch
> 1726 Deep Woods Lane
> Fort Collins, CO 80524

DATED: May 4, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[5] The court clarifies that, should the presiding Judge adopt this court's Recommendation, Plaintiffs are not permitted to amend the First Amended Complaint to add allegations or claims, but only to strike the allegations addressed herein—i.e., the entirety of Paragraph 35 and the portion of Paragraph 36 concerning a duty to defend in the First Amended Complaint; and Plaintiff's requests for punitive damages under their First Claim for breach of contract; and Plaintiff's requests for punitive damages under their Second Claim for bad faith breach of insurance contract.